UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KASEY MARONEY,

                          Plaintiff,

v.                                                        8:19-CV-1404
                                                            (GTS/CFH)
VILLAGE OF NORWOOD; SETH DONALIS; and
NORWOOD VILLAGE POLICE DEPARTMENT,

                          Defendants.
_____

APPEARANCES:                                              OF COUNSEL:

WESTFALL LAW, PLLC                       RYAN L. McCARTHY, ESQ.
  Counsel for Plaintiff
247 W. Fayette St., Suite 203
Syracuse, NY 13202

JOHNSON LAWS, LLC                         APRIL J. LAWS, ESQ.
  Counsel for Village Defendants            LORAINE C. JELINEK, ESQ.
646 Plank Rd., Suite 205
Clifton Park, NY 12065

SETH DONALIS
  Defendant, *Pro se*
9 Hillcrest Ave.
Massena, NY 13662

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

       Currently before the Court, in this civil rights action filed by Kasey Maroney ("Plaintiff") against Village of Norwood, Seth Donalis, and the Norwood Village Police Department (collectively, "Defendants"), is a motion for entry of a partial final judgment pursuant to Fed. R. Civ. P. 54(b) filed by Defendants Village of Norwood and Norwood Village Police Department (the "Village Defendants"). (Dkt. No. 29.) For the reasons set forth below, the Village

Defendants' motion is denied.

I.     RELEVANT BACKGROUND

   A.     **Plaintiff's Complaint and Relevant Procedural History**

Generally, in her Complaint filed on November 13, 2019, Plaintiff asserts the following seven claims, all arising from three alleged attempts to sexually assault her by a Village Police Officer (Defendant Donalis) between November 14, 2017, and January 23, 2018: (1) a claim for a violation of her Fourteenth Amendment right to be free from unlawful sexual harassment, abuse, and assault while in police custody against all Defendants; (2) a claim of false imprisonment in violation of 42 U.S.C. § 1983 against Defendant Donalis; (3) a claim of municipal liability against Defendant Norwood Village Police Department for the acts of Defendant Donalis because those acts were facilitated by (i) an expressly adopted official policy or longstanding widespread custom, (ii) a lack of institutional control and oversight of officers, and (iii) gross negligence and/or deliberate indifference in hiring, training, and supervising officers; (4) a claim of municipal liability against Defendant Village of Norwood on the same bases as against Defendant Norwood Village Police Department, but also on the bases that Defendant Village of Norwood was grossly negligent in supervising its police department and did not have a policy for terminating officers who had been arrested or convicted of crimes; (5) a claim of state law sexual battery against all Defendants, based on direct action by Defendant Donalis and a theory of respondeat superior as to the Village Defendants; (6) a claim of state law intentional infliction of emotional distress against all Defendants; and (7) a claim of state law false imprisonment against all Defendants, based on direct action by Defendant Donalis and a theory of respondeat superior as to the Village Defendants. (Dkt. No. 1, at ¶¶ 38-103 [Pl.'s

Compl.].)

On January 13, 2020, the Village Defendants filed a motion to dismiss Plaintiff's Complaint for failure to state a claim. (Dkt. No. 9.) Plaintiff filed her response on February 3, 2020, and the Village Defendants filed a reply in support of their motion on February 17, 2020. (Dkt. Nos. 14, 19.) On July 27, 2020, this Court issued a Decision and Order granting the Village Defendants' motion to dismiss the following claims: (a) Claim One against the Village Defendants; (b) Claim Three Against Defendant Norwood Village Police Department; (c) Claim Four against Defendant Village of Norwood; and (d) Claims Five, Six, and Seven against the Village Defendants and against Defendant Donalis in his official capacity, due to Plaintiff's failure to meet the conditions precedent to suit under N.Y. Gen. Mun. L. § 50-i and N.Y. Gen. Mun. L. § 50-e. (Dkt. No. 21.) The claims surviving the Court's Decision and Order are brought solely against Defendant Donalis. (*Id.*)

On August 21, 2020, Plaintiff appealed the Court's Decision and Order on the Village Defendants' motion to dismiss. (Dkt. No. 24.) On December 22, 2020, the United States Court of Appeals for the Second Circuit dismissed the appeal, stating it lacked jurisdiction because this Court had not entered a final order, pursuant to 28 U.S.C. § 1291. (Dkt. No. 28.) On June 16, 2021, the Village Defendants filed the current motion for entry of a partial final judgment under Fed. R. Civ. P. 54(b). (Dkt. No. 29.)

**B.     Summary of Parties' Briefing on the Village Defendants' Motion**

Generally, in their motion for entry of a partial final judgment under Fed. R. Civ. P. 54(b), the Village Defendants argue that the following four reasons support certification of a partial final judgment as to the dismissed claims: (1) Defendant Norwood Village Police

3

Department was never a proper party in this action because it is a subdivision of Defendant Village of Norwood and therefore is not legally amenable to suit; (2) the Court already determined that all claims against the Village Defendants are distinct from the claims remaining against Defendant Donalis when (a) it stated in its Decision and Order that "it is well established that isolated acts by non-policymaking officials do not ordinarily show a municipal custom or policy," and (b) it found no municipal liability for Plaintiff's allegations that the Village Defendants failed to properly train or supervise their employees; (3) the Court dismissed Plaintiff's state law claims for failure to provide notice to Defendants in compliance with N.Y. Gen. Mun. L. § 50-i and N.Y. Gen. Mun. L. § 50-e and denied Plaintiff the opportunity to amend her Complaint; and (4) there is no just reason for delay, especially considering the likeliness of protracted litigation against Defendant Donalis and this Court's acknowledgement in its Decision and Order of the separation between Defendant Donalis's actions and those of the Village Defendants. (Dkt. No. 29-1, at 4-8.)

Plaintiff has not responded to the Village Defendants' motion, and the deadline by which to do so has expired. (*See generally* Docket Sheet.)

## II.     RELEVANT PROCEDURAL LEGAL STANDARDS

### A.     Legal Standard Governing a Motion for Entry of Partial Final Judgment Pursuant to Fed. R. Civ. P. 54(b)

Under Fed. R. Civ. P. 54(b), "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). To enter a final judgment under Fed. R. Civ. P. 54(b), "(1) multiple claims or multiple parties must be present, (2) at least one claim, or the

4

rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make an 'express determination that there is no just reason for delay' and expressly direct the clerk to enter judgment." *Mcdonough v. Smith*, 15-CV-01505, 2017 WL 1901962, at *1 (N.D.N.Y. May 8, 2017) (D'Agostino, J.) (quoting *Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992)).

"A district court should not grant Rule 54(b) certification and 'enter final judgment dismissing a given claim unless that claim is separable from the claims that survive.'" *Jeanty v. City of Utica*, 16-CV-0966, 2018 WL 2383582, at *2 (N.D.N.Y. May 25, 2018) (Sannes, J.) (quoting *Hogan v. Conrail*, 961 F.2d 1021, 1026 (2d Cir. 1992)); *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980). The Second Circuit has stated that "[o]nly 'when the certified claims are based upon factual and legal questions that are distinct from those questions remaining before the trial court' may the certified claims 'be considered separate claims under Rule 54(b).'" *Acumen re Mgmt. Corp. v. Gen. Sec. Nat. Ins. Co.*, 769 F.3d 135, 141 (2d Cir. 2014) (quoting *Hudson River Sloop Clearwater, Inc. v. Dep't of Navy*, 891 F.2d 414, 418 (2d Cir. 1989)). Courts must "examine the relationships among a plaintiff's theories of recovery to determine whether they 'lend themselves to review as single units, or whether they are so interrelated and dependent upon each other as to be one indivisible whole.'" *Acumen re Mgmt. Corp.*, 769 F.3d at 141 (quoting *Hudson River Sloop Clearwater, Inc.*, 891 F.2d at 418); *Mcdonough*, 2017 WL 1901962, at *2 ("'It [is] therefore proper for the District Judge . . . to consider such factors as whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were

subsequent appeals.'") (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8).

Additionally, "[a] certification under Rule 54(b) should be granted only if there are 'interest[s] of sound judicial administration' and efficiency to be served, . . . or, in the 'infrequent harsh case' . . . where 'there exists "some danger of hardship or injustice through delay which would be alleviated by immediate appeal . . . ."'" *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991) (internal citations omitted); *Curtiss-Wright Corp.*, 446 U.S. at 10. Although the district court retains discretion to certify a judgment under Fed. R. Civ. P. 54(b), these "'certifications must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.'" *Dayton Superior Corp. v. Spa Steel Prods., Inc.*, 08-CV-1312, 2010 WL 3825619, at *4 (N.D.N.Y. Sept. 24, 2010) (Scullin, J.) (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 166 (11th Cir. 1997)) (internal quotation marks omitted); *Mcdonough*, 2017 WL 1901962, at *2 (holding that an example of "hardship or injustice" supporting a Fed. R. Civ. P. 54(b) certification is "where an expensive and duplicative trial could be avoided if, without delaying prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims") (internal quotation marks omitted). "The policy against piecemeal appeals 'requires that the court's power to enter such a final judgment before the entire case is concluded, thereby permitting an aggrieved party to take an immediate appeal, be exercised sparingly.'" *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011) (quoting *Harriscom,* 947 F.2d at 629).

**III.   ANALYSIS**

After carefully considering the matter, the Court denies Defendants' motion for entry of a partial final judgment for the following reasons.

In assessing the elements necessary to certify a final judgment under Fed. R. Civ. P. 54(b), the Court finds the first two elements are readily met: (1) the lawsuit consists of multiple claims against multiple parties (i.e., the Village Defendants and Defendant Donalis); and (2) in its Decision and Order granting the Village Defendants' motion to dismiss, the Court "finally decided within the meaning of 28 U.S.C. § 1291" that the allegations in Plaintiff's Complaint could not impose liability on the Village Defendants for the claims brought against them. *Mcdonough*, 2017 WL 1901962, at *1. Accordingly, the Court may grant a final judgment as to the claims against the Village Defendants if "there is no just reason for delay . . . ." *Id.*

In its Decision and Order granting the Village Defendants' motion to dismiss, the Court made the following four relevant findings: (1) Defendant Norwood Village Police Department is not an entity amenable to suit because it is merely the administrative-law enforcement arm of Defendant Village of Norwood (Dkt. No. 21, at 13); (2) Plaintiff failed to allege facts plausibly suggesting the existence of *Monell* liability because (a) even if the Village Defendants' policies that Plaintiff identified facilitated Defendant Donalis's ability to commit the alleged acts by providing opportunities for him to be alone with detainees or civilians, the policies would not have resulted in any constitutional injury absent Defendant Donalis's independent actions and choice (without the Village Defendants' knowledge) to unlawfully coerce and sexually assault Plaintiff (*id.* at 16), (b) Plaintiff failed to allege facts plausibly suggesting that the Village Defendants had failed to train, supervise, or screen police officers, and (c) all of Plaintiff's claims of substantive constitutional violations arise from Defendant Donalis's conduct and none

7

of her claims allege an underlying constitutional violation stemming from the actions of any officers after Defendant Donalis's arrest (*id.* at 19-20); (3) Plaintiff's state law claims against the Village Defendants[1] should be dismissed as a matter of law because Plaintiff failed to comply with the notice requirements under N.Y. Gen. Mun. L. § 50-i and N.Y. Gen. Mun. L. § 50-e (*id.* at 22-27); and (4) any attempt by Plaintiff to amend her Complaint would be futile (*id.* at 27-29).

Based on these four findings, the Court is not satisfied that the dismissed claims are "based upon factual and legal questions that are distinct from those questions remaining before the [Court]." *Acumen re Mgmt. Corp.*, 769 F.3d at 141. In an analogous case, the United States District Court for the Southern District of New York refused to certify a final judgment under Fed. R. Civ. P. 54(b), despite the Southern District granting summary judgment to the City on *all* of Plaintiff's claims, including those implicating vicarious liability and the City's failure to train or supervise, as well as to the individual defendant on the Section 1983 claim in her official capacity. *Richardson v. City of N.Y.*, 04-CV-5314, 2007 WL 1732424, at *2 (S.D.N.Y. June 14, 2007). The court stated that, because the plaintiff sought "to hold the City liable under the theory of municipal liability recognized in [*Monell*], [it] necessarily mean[t] that the City's liability [was] entirely contingent upon a finding that [the individual defendant] violated Plaintiff's constitutional rights." *Richardson*, 2007 WL 1732424, at *2.[2] If the individual defendant was "found to not have violated Plaintiff's constitutional rights, the Section 1983 claim against the

---

[1] The Court also dismissed the state law claims against Defendant Donalis in his official capacity. (Dkt. No. 21.)

[2] As support for this proposition, the *Richardson* Court cited multiple decisions, including those from the United States Supreme Court and the Second Circuit. *Richardson*, 2007 WL 1732424, at *2.

8

City . . . [would] become moot," signaling the inextricability of the dismissed and surviving claims. *Id.*

In this case, any potential liability of the Village Defendants hinges on whether Defendant Donalis is liable for the surviving claims. If Plaintiff is unable to prove that the alleged misconduct committed by Defendant Donalis rises to the level of false imprisonment, sexual battery, or a violation of her Fourteenth Amendment rights (i.e., the surviving claims), she cannot assert the dismissed claims against the Village Defendants. *See Curley v. Village of Suffern*, 268 F.3d 65, 71 (2d Cir. 2001) ("[W]e have recognized that a municipality cannot be liable for inadequate training and supervision when the officers involved in making the arrest did not violate the plaintiff's constitutional rights."); *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.2d 123, 132 (2d Cir. 1997). Any appeal regarding the Court's previous dismissal of the claims against the Village Defendants would therefore be moot—the situation courts must avoid when determining whether to certify a final judgment under Fed. R. Civ. P. 54(b). *Kearins v. Panalpina, Inc.*, 10-CV-1198, 2013 WL 12357486, at *3 (E.D.N.Y. Apr. 1, 2013) (finding Fed. R. Civ. P. 54(b) certification inappropriate where, even though the dismissed and surviving claims "involve[d] different questions of fact and law," they were nonetheless interrelated because a jury determination that the defendant fraudulently induced the plaintiff to sign a contract would lead to rescission of the agreement, and therefore eliminate any fiduciary duty of the dismissed party); *FAT Brands, Inc. v. PPMT Capital Advisors, Ltd.*, 19-CV-10497, 2021 WL 1392849, at *2 (S.D.N.Y. Apr. 13, 2021) ("FAT Brands' claims against Ramjeet are based on theories of vicarious liability predicated on Douglas's conduct. If Douglas is ultimately found not to have committed tortious conduct, these claims against Ramjeet, which FAT Brands would seek to

9

revive on appeal, will become moot . . . .") (internal quotation marks omitted).

The Village Defendants attempt to support their request for certification by referencing "the likeliness of a protracted litigation that may lead to trial or, at least, a lengthy litigation period against Defendant Donalis only . . . ." (Dkt. No. 29-1, at 8.) Although courts may look at the potential for duplicative or protracted litigation when determining whether "a danger of hardship or injustice through delay" supports certification of a final judgment, the Second Circuit has clearly stated that the avoidance of piecemeal trials is not sufficient, on its own, to grant Rule 54(b) certification:

> The concern expressed by the dissent, i.e., to avoid piecemeal trials, would be present in virtually any case in which the district court dismisses some of the parties from the case and proceeds to trial with respect to others. To deem sufficient under Rule 54(b) a finding simply that an immediate appeal might avoid the need for a retrial, as advocated by the dissent, could only contravene the federal policy against piecemeal appeals.

*Hogan*, 961 F.2d at 1026; *Adrian v. Town of Yorktown*, 210 F. App'x 131, 133 (2d Cir. 2006) (summary order) (stating that the rationale of "avoid[ing] a second trial" as support for Rule 54(b) certification is one that the Circuit "[has] explicitly rejected, particularly in cases where the dismissed and surviving claims are closely interrelated") (citing *Hogan*, 961 F.2d at 1026, *Harriscom*, 947 F.2d at 631, and *Brunswick Corp. v. Sheridan*, 582 F.2d 175, 185 (2d Cir. 1978)); *Crespo v. Carvajal*, 17-CV-6329, 2021 WL 4237002, at *4 (E.D.N.Y. Sept. 14, 2021). Ultimately, the interrelatedness of the dismissed and surviving claims makes certification of a final judgment in this case inappropriate, because the "remaining proceedings in [this Court] may illuminate appellate review of the dismissed claims, or . . . suggest that the dismissal should be modified as is expressly permitted by Rule 54(b)." *Samtani v. Cherukuri*, 11-CV-2159, 2013 WL

2181037, at *2 (E.D.N.Y. May 20, 2013) (internal quotation marks omitted).[3]

**ACCORDINGLY,** it is

**ORDERED** that the Village Defendants' motion for entry of partial final judgment pursuant to Fed. R. Civ. P. 54(b) is **DENIED**.

Date:  January 10, 2022
       Syracuse, New York

_____
Glenn T. Suddaby
Chief U.S. District Judge

---

[3] The Court also notes that, although it lightens the Village Defendants' burden on their motion to only a showing of facial merit, Plaintiff's failure to oppose the Village Defendants' motion is not dispositive of whether certification of a final judgment is appropriate in this case. *Timperio v. Bronx-Lebanon Hosp. Ctr.*, 18-CV-1804, 2020 WL 9211177, at *2 (S.D.N.Y. Mar. 9, 2020) (citing *Carpenter v. City of N.Y.*, 11-CV-8414, 2014 WL 12792360, at *3 (S.D.N.Y. Feb. 13, 2014), *Trustees of the Plumbers Local Union No. 1 Welfare Fund Additional Sec. Ben. Fund, Vacation & Holiday Fund, Trade Educ. Fund & 401(k) Sav. Plan v. Tradeline Contracting Corp.*, 05-CV-0318, 2011 WL 6019350, at *2 (E.D.N.Y. Nov. 30, 2011)). More specifically, the Court finds, for the reasons stated above, that the Village Defendants have not satisfied that burden.

11